UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                    :
HAMIDUR RASHID,                                     :
                                                    :
                          Plaintiff,                :
                                                    :          23 Civ. 2670 (JPC) (SN)
            -v-                                      :
                                                    :          OPINION AND ORDER
KELLY O'NEILL-LEVY,                                 :          ADOPTING REPORT AND
                                                    :          RECOMMENDATION
                          Defendant.                :
                                                    :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        Hamidur Rashid, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against

the Honorable Kelly O'Neill-Levy, a New York State judge, in connection with Rashid's contested

divorce and child custody proceeding in New York Supreme Court, New York County, *Murray v.

Rashid*, Index. No. 321789/2020 (Sup. Ct. N.Y. Cnty. 2020) (the "Matrimonial Action").  Dkt. 1

("Complaint").  For a period of time, Justice O'Neill-Levy presided over the Matrimonial Action.

*Id.* ¶ 10.[1]  The Complaint alleges a host of instances when Justice O'Neill-Levy issued rulings

adverse to Rashid in the Matrimonial Action that, Rashid believes, violated his rights and

prevented him from obtaining a fair outcome in that proceeding.  Those rulings include Justice

O'Neill-Levy: (1) not recusing herself from the Matrimonial Action; (2) denying Rashid's motion

to disqualify the attorney appointed to represent their children; (3) denying Rashid's motion for a

---

[1] Rashid's allegations concern proceedings that occurred when Justice O'Neill-Levy was on the New York Supreme Court, New York County.  Justice O'Neill-Levy now serves as a Justice on the Appellate Division, First Department, of the New York Supreme Court, upon her appointment to that court in 2023.  *See App. Div., First Jud. Dep't, Sup. Ct. of the State of N.Y., Justices of the Ct.*, https://nycourts.gov/courts/AD1/justicesofthecourt/index.shtml (last visited Feb. 19, 2024); Dkt. 29 at 1 (letter from defense counsel noting that Justice O'Neill-Levy was appointed to the First Department on or about July 28, 2023).

change of venue; (4) preventing Rashid from testifying at an interim pre-trial parental decision-making hearing; (5) rejecting several orders to show cause sought by Rashid, including one to have Justice O'Neill-Levy's law clerk testify at a hearing and another for a hearing on Justice O'Neill-Levy's recusal; and (6) not deciding a motion seeking equal parenting time within sixty days. *Id.* ¶¶ 13-53.  Rashid further claims that certain actions by Justice O'Neill-Levy were taken in retaliation for Rashid filing a complaint against her law clerk, *e.g.*, *id.* ¶ 1, and were motivated by discriminatory intent, *e.g.*, *id.* ¶ 3.

Drawing on these allegations, Rashid brings three causes of action in his Complaint.  In Count One, he alleges that Justice O'Neill-Levy's conduct in the Matrimonial Proceeding deprived him of his due process rights, contending that she undermined his liberty interests and his due process rights.  Complaint ¶¶ 54-68.  In support of this count, and among other allegations, Rashid contends that Justice O'Neill-Levy refused to let him to testify at the interim parental decision-making hearing, *id.* ¶¶ 55, 59, declined to sign an order to show cause concerning misconduct of her law clerk, *id.* ¶¶ 57, 61-63, 67, improperly declined to recuse herself, *id.* ¶ 64, and discriminated against Rashid on the basis of his race, gender, and citizenship, *id.* ¶ 68.  *See id.* ¶ 65 ("[Justice O'Neill-Levy] repeatedly deprived me of my procedural due process rights to have a meaningful opportunity to be heard in court.  She repeatedly declined to hear my motions and give me a fair chance to argue my pleadings.").  In Count Two, Rashid alleges that Justice O'Neill-Levy discriminated against him and deprived him of equal protection in violation of the Fourteenth Amendment.  *Id.* ¶¶ 69-77.  For this count, Rashid primarily relies on his allegations that Justice O'Neill-Levy "delay[ed] a decision on [his] request for equal parenting time with [his] children," *id.* ¶ 71, denied his application for a subpoena for documents regarding his wife's financial condition, *id.* ¶ 72, improperly ruled on the distribution of marital assets and allocation of marital

2

debt, *id.* ¶¶ 73-75, and relied on a defunct statute in ruling in favor of his wife on an issue, *id.* ¶ 77. Lastly, in Count Three, Rashid continues to accuse Justice O'Neill-Levy of partiality in the Matrimonial Proceeding, *id.* ¶¶ 79-82, and contends that if she is not enjoined from presiding over the Matrimonial Proceedings, she will continue to deprive him of his right to an impartial tribunal, *id.* ¶¶ 84-86.

Rashid requests three forms of relief in the Complaint.  *Id.* at 15.  First, he seeks retrospective relief in a declaration that Justice O'Neill-Levy willfully deprived him of his due process rights while presiding over the Matrimonial Action.  *Id.*  His second and third requests seek prospective relief:  he seeks a declaration that Justice O'Neill-Levy "cannot be an impartial adjudicator in" the Matrimonial Action and an injunction enjoining Justice O'Neill-Levy from presiding over the Matrimonial Action.  *Id.*

On April 26, 2023, the undersigned referred this case to the Honorable Sarah Netburn for general pretrial supervision and to issue a report and recommendation on any dispositive motions. Dkt. 15.  On May 22, 2023, Justice O'Neill-Levy moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), raising a host of alternative grounds for dismissal.  Dkts. 18-19, 20 ("Motion").  She argued that sovereign immunity under the Eleventh Amendment bars Rashid's claims for a retrospective relief, Motion at 10-11, the exception under *Ex Parte Young*, 209 U.S. 123 (1908) does not apply, *id.* at 11, she is entitled to absolute immunity as a judge, *id.* at 12-13, the abstention doctrine for certain domestic relations disputes warrants dismissal, *id.* at 13-14, the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971) further warrants dismissal, *id.* at 14-17, and otherwise the Complaint fails to state a claim upon which relief may be granted, *id.* at 17-22.  Rashid opposed the motion to dismiss on June 12, 2023, Dkt.

3

23, and Justice O'Neill-Levy filed her reply brief in further support of dismissal on June 23, 2023, Dkt. 26.

While the motion to dismiss was pending, Judge Netburn ordered the parties to address whether some or all of Rashid's claims are moot, given that the Matrimonial Action apparently had been transferred from Justice O'Neill-Levy to another judge. Dkt. 28; *see also* n.1. Both parties responded to that Order. Dkts. 29, 32. Justice O'Neill-Levy contended that the reassignment of the Matrimonial Action to a different justice moots Rashid's second and third requests for relief, *i.e.*, a declaratory judgment that she cannot be an impartial arbitrator in the Matrimonial Action and an injunction enjoining her from presiding over that proceeding, but not Rashid's request for a declaratory judgment concerning Justice O'Neill-Levy's prior conduct while presiding over the Matrimonial Action. Dkt. 29 at 1. Justice O'Neill-Levy reiterated her position, however, that this claim for retrospective relief is nonetheless barred by the Eleventh Amendment. *Id.* at 1-2. Rashid argued that jurisdiction remains following the reassignment because he continues to suffer injury from Justice O'Neill-Levy's "unlawful and non-judicial actions, which she took under color of law," and because, on the First Department, Justice O'Neill-Levy "will have the authority to review and determine the outcome of [Rashid's] appeals from her own unlawful decisions and orders." Dkt. 32 at 2.

On November 30, 2023, Judge Netburn issued a Report and Recommendation on Justice O'Neill-Levy's motion to dismiss. Dkt. 33 ("Report & Recommendation"). Judge Netburn recommended that the undersigned grant the motion because a retrospective declaration as to Justice O'Neill-Levy would be barred by the Eleventh Amendment and because Rashid's claims for a prospective declaration and an injunction enjoining Justice O'Neill-Levy from presiding over

the Matrimonial Action are moot.  *Id.* at 3-6.[2]  Judge Netburn further recommended that leave to amend the Complaint be denied because Rashid's only non-moot claim seeks relief which would be jurisdictionally barred by the Eleventh Amendment.  *Id.* at 6.

Rashid filed objections to the Report and Recommendation on December 31, 2023.  Dkt. 36 ("Objections").  In his Objections, Rashid protests that Judge Netburn failed to address various issues raised in his Complaint, *id.* at 1, contends that sovereign immunity should not apply, *id.* at 1-3, and argues that the Court should grant prospective relief, *id.* at 3-4, and a declaratory judgment, *id.* at 4-5.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation.  28 U.S.C. § 636(b)(1)(C).  Within fourteen days after a party has been served with a copy of a magistrate judge's report and recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997).  The district court reviews those portions of a report and recommendation to which no timely objection was filed only for clear error.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) (citation omitted).

"The objections of *pro se* parties are 'generally accorded leniency and should be construed to raise the strongest arguments that they suggest.'"  *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Howell v. Port Chester*

---

[2] Because Judge Netburn recommends dismissal on these jurisdictional grounds, she did not reach Justice O'Neill-Levy's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Report & Recommendation at 6.

*Police Station*, No. 09 Civ. 1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

First, the Court dismisses any claim against Justice O'Neill-Levy for retrospective relief. In objecting to the Report and Recommendation, Rashid clearly states that he is not seeking retrospective relief. *See* Objections ¶ 8 ("The Magistrate Judge's report misconstrues that I sought retrospective relief in my lawsuit. This is evidently incorrect. I have sought prospective and injunctive relief."). He therefore has abandoned any claim for retrospective relief. *See, e.g.*, *Harrington Glob. Opportunity Fund, Ltd. v. CIBC World Markets Corp.*, 585 F. Supp. 3d 405, 423 (S.D.N.Y. 2022) ("At the motion to dismiss stage, a plaintiff abandons a claim by failing to respond to defendant's arguments in support of dismissing that claim.").

Given Rashid's *pro se* status, however, the Court will also address the merits of Rashid's request for retrospective declaratory relief.[3] Initially, while Rashid contends that Judge Netburn "misconstrued that [he] sought retrospective relief in [this] lawsuit," Objections ¶ 8, it was entirely reasonable for Justice O'Neill-Levy to move to dismiss any claim seeking retrospective relief and

---

[3] While Rashid does not request monetary damages, *see* Complaint at 15, he cites 42 U.S.C. § 1983, *id.* at 1, which allows for liability for violations of federally protected rights taken under color of state law. To be sure, judges are absolutely immune from suit for damages for actions taken within the scope of their judicial capacity, provided the actions are not taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). Here, Rashid has made no plausible allegation of action taken by Justice O'Neill-Levy outside of her judicial capacity or for which she lacked jurisdiction. Indeed, he does not allege a single instance of conduct by Justice O'Neill-Levy that fell outside of her judicial role.

for Judge Netburn to address the merits of such a claim in her Report and Recommendation. Rashid's Complaint requested "[a] declaration that Judge O'Neill-Levy willfully and knowingly deprived [him] due process rights with a view to discriminating against [his] and impinging [his] liberty interests in [his] children and . . . [his] substantive due process rights to parenting, as protected under the U.S. constitution." Complaint at 15. In addition to using the word, "deprived," in the past tense, each instance of claimed deprivation of Rashid's rights by Justice O'Neill-Levy naturally occurred in the past. While Rashid has now expressly abandoned any request for retrospective relief, this Court agrees with Judge Netburn, *see* Report & Recommendation at 4, that Rashid's request for a declaration that Justice O'Neill-Levy previously deprived him of his due process rights seeks retrospective relief and is jurisdictionally barred by the Eleventh Amendment, *see N.Y. York State Ct. Clerks Ass'n v. Unified Ct. Sys. of the State of N.Y.*, 25 F. Supp. 3d 459, 467 (S.D.N.Y. 2014) (explaining that "the doctrine of sovereign immunity enshrined in the Eleventh []Amendment bars [the plaintiffs'] claims against the State Judges for damages and for retrospective injunctive and declaratory relief"); *see also Green v. Mansour*, 474 U.S. 64, 74, (1985); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). As Judge Netburn noted, *see* Report & Recommendation at 4, the Supreme Court has instructed that "judgments against state officers declaring that they violated federal law in the past" are barred, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993) (citing *Green*, 474 U.S. at 73).[4]

    With respect to Rashid's Objections to Judge Netburn's recommended dismissal of his claims seeking prospective relief, those Objections, even liberally construed, fail to address the reason identified by Judge Netburn for recommending dismissal: any prospective claims against

---

[4] The reasoning of *Ex Parte Young*, which concerns continuing violations of federal law, does not extend to claims for retrospective relief. *See Green*, 474 U.S. at 68.

Justice O'Neill-Levy are now moot.  On this basis alone, it would be entirely appropriate for the Court to overrule Rashid's Objections and review the Report and Recommendation for clear error. *See Vlad-Berindan v. MTA N.Y.C. Transit*, No. 14 Civ. 675 (RJS), 2014 WL 6982929, at *2 (S.D.N.Y. Dec. 10, 2014) (rejecting the "Plaintiff's Objections, which . . . fail to address the Report's legal conclusions" and reviewing the report and recommendation for clear error).

But even reviewing that recommendation *de novo*, this Court fully agrees with Judge Netburn that Rashid's claims against Justice O'Neill-Levy seeking prospective relief should be dismissed as moot.  "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted).  The lone Defendant in this case is Justice O'Neill-Levy, and Rashid seeks a declaration that she cannot be impartial in continuing to preside over the Matrimonial Action and an injunction precluding her from presiding over the Matrimonial Action.  Complaint at 15.  But, as noted, Justice O'Neill-Levy is no longer presiding over the Matrimonial Action by virtue of her elevation to the First Department and the matter has been reassigned to another judge.  *See supra* n.1.[5]  A declaration about Justice O'Neill-Levy's ability to be an impartial arbitrator and the requested injunction therefore would no longer provide relief to Rashid as to proceedings in the Matrimonial Action.  To the extent Rashid seeks an injunction that would preclude Justice O'Neill-Levy from hearing any appeals from the

---

[5] Rashid does not dispute that Justice O'Neill-Levy has been appointed to the Appellate Division or that the Matrimonial Action has been reassigned to a different justice.  A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Lefkovits v. State Bd. of Elections*, 400 F. Supp. 1005, 1007 n.1 (N.D. Ill. 1975) ("We take judicial notice of the appointment of Jose Vasquez to the office of circuit court judge on January 11, 1975, effective February 1, 1975, by the Illinois Supreme Court to fill the vacancy left by Judge Lefkovits.").

Matrimonial Action, it is entirely speculative that such would occur.  *See Dennis v. Conn. Interscholastic Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) ("[M]ere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." (quotations omitted)).  Further, as Judge Netburn noted, "[i]t is not the Court's place to issue a prophylactic order to dictate how the Appellate Division staffs its panels."  Report & Recommendation at 6.  Rashid's requests for a prospective declaration and for an injunction therefore are denied.

Because each of Rashid's claims is dismissed for lack of subject matter jurisdiction—either as barred by the Eleventh Amendment or as moot—these dismissals are without prejudice.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016) (explaining that when "a dismissal is one for lack of subject matter jurisdiction, . . . the district court lacks the power to adjudicate the merits of the case").

Lastly, the Court adopts Judge Netburn's recommendation that leave to amend be denied.  Report & Recommendation at 6.  While the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)), even the most liberal reading of Rashid's Complaint does not indicate that he might have a legally viable claim against Justice O'Neill-Levy.  Because Rashid's claims against her would either be moot or plainly barred by the Eleventh Amendment or judicial immunity, no modifications to his pleadings will cure these deficiencies and amendment would be futile.  *See, e.g.*, *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (affirming a dismissal pursuant to Rule 12(b)(1) and denying the *pro se* plaintiff leave to amend because, in light of the

defendant's entitlement to judicial immunity, "amendment would be futile. The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it." (quotations omitted)); *Thompson v. United States*, 795 F. App'x 15, 20 (2d Cir. 2019) (affirming a dismissal pursuant to Rule 12(b)(1) based on sovereign immunity and denying the *pro se* plaintiff leave to amend where "the deficiencies of the complaint—lack of jurisdiction and failure to exhaust the [Federal Tort Claims Act] claims within two years—could not be cured").

For the foregoing reasons, the Complaint is dismissed without prejudice and leave to amend is denied. The Clerk of the Court is respectfully directed to close Docket Number 18, close this case, and enter judgment in favor of Defendant Kelly O'Neill-Levy.

SO ORDERED.

Dated: February 20, 2024
      New York, New York

_____
JOHN P. CRONAN
United States District Judge

10